UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>c/o UNITED STATES ATTORNEY'S )<br>OFFICE, JUDICIARY CENTER )<br>BUILDING, 555 FOURTH STREET, N.W. )<br>WASHINGTON, D.C. 20530, )<br>     )<br>          Plaintiff, )<br>     )<br>     v.         )<br>     )<br>THE SUM OF THREE HUNDRED )<br>NINE MILLION FIVE HUNDRED )<br>THOUSAND DOLLARS )<br>($309,500,000.00), )<br>          Defendant. ) | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

*COMES NOW*, the United States of America, by and through the United States Attorney for the District of Columbia and the Department of Justice, Criminal Division, Asset Forfeiture and Money Laundering Section, to bring this verified complaint in a civil action *in rem* to condemn and forfeit the above-listed defendant property to the use and benefit of the United States of America in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of its cause, plaintiff states as follows:

**STATUTORY AUTHORITY**

1. This Court has jurisdiction over this action pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 28 U.S.C. §§ 1345, 1355, and 1395. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395.

2. The defendant property constitutes ING Bank, N.V. ("ING") funds. On or about June 15, 2012, ING wired these funds to the Washington, D.C. office of the Internal Revenue

Service, pursuant to a Deferred Prosecution Agreement entered into between ING and the United States of America on June 11, 2012. This Deferred Prosecution Agreement and Factual Statement in support thereof are attached hereto as Exhibits A and B, and are fully incorporated in this Verified Complaint for Forfeiture *In Rem.*

## BACKGROUND

3. ING is a financial institution registered and organized under the laws of the Netherlands.

4. ING has branches throughout the world and conducts financial transactions in United States currency through unaffiliated United States financial institutions.

5. From on or about the early 1990s until 2007, ING facilitated United States currency transactions for a number of co-conspirators, both known and unknown to the United States.

6. From on or about the 1990s until 2007, financial transactions conducted by wire on behalf of Cuban or Iranian financial institutions and customers were subject to sanctions by the United States.

7. The United States Department of Treasury, Office of Foreign Assets Control ("OFAC"), which is located in the District of Columbia, administers and enforces economic and trade sanctions against certain foreign countries and entities associated with those countries.

8. With regard to financial transactions involving Cuba and Iran, OFAC is responsible for administering regulations against those countries and entities and was at all times applicable here empowered to authorize transactions with these countries and entities through the granting of authorization in the form of a license.

9. The Trading With the Enemy Act ("TWEA"), 50 U.S.C. App. §§ 1-44, incorporates

regulations which prohibit virtually all financial and commercial dealings with Cuba, Cuban businesses, and Cuban assets. Furthermore, the Cuban Assets Control Regulations ("CACRs") prohibit persons subject to the jurisdiction of the United States from engaging in transactions involving or benefitting Cuba or Cuban nationals and involving property in which Cuba or Cuban nationals have any direct or indirect interest.

10. The International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1706 incorporates regulations which prohibit certain transactions with Iran by United States persons or involving United States-origin goods. Pursuant to authority under IEEPA, the Secretary of the Treasury promulgated the Iranian Transaction Regulations ("ITRs"), 31 C.F.R. Part 560, which implemented sanctions upon Iran.

11. ING funds of at least $619,000,000 were involved in financial transactions that violated the above regulations.

12. The defendant property is substitute property for the ING funds involved in the above-stated violations. Thus, the defendant property is subject to seizure and forfeiture to the United States.

## COUNT ONE

13. The statements made in paragraphs 1 through 12 are restated as if fully set forth herein.

14. The defendant property is substitute property for property used to promote a conspiracy to violate TWEA, 50 U.S.C. App. §§ 1–44, and regulations promulgated thereunder, principally 31 C.F.R. § 515.201, which prohibits United States persons from engaging in financial transactions involving or benefitting Cuba or Cuban nationals, and 31. C.F.R. § 515.201(C), which

prohibits attempts to evade or avoid the restrictions contained in the CACRs.

15. The defendant property is substitute property for funds or monetary instruments that were involved in transactions in which funds were transferred to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of violations of TWEA, in violation of 18 U.S.C. § 1956(a)(2).

16. As such, the defendant property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), as substitute property for property, real or personal, involved in transactions in violation of 18 U.S.C. § 1956, or as any property traceable to such property.

## COUNT TWO

17. The statements made in paragraphs 1 through 12 are restated as if fully set forth herein.

18. The defendant property is substitute property for property used to promote a conspiracy to violate the International Emergency Economic Powers Act ("IEEPA"), specifically 50 U.S.C. § 1705, which makes it a crime to willfully attempt to commit, conspire to commit, or aid and abet in the commission of any violation of the Iranian Transaction Regulations ("ITRs"), principally 31 C.F.R. § 560.204, which prohibits the exportation of services from the United States to Iran, and 31 C.F.R. § 560.203, which prohibits attempts to evade or avoid the restrictions contained in the ITRs.

19. The defendant property is substitute property for funds or monetary instruments that were involved in transactions in which funds were transferred to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of violations of IEEPA, in violation of 18 U.S.C. § 1956(a)(2).

20.     As such, the defendant property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), as substitute property for property, real or personal, involved in transactions in violation of 18 U.S.C. § 1956, or as any property traceable to such property.

**WHEREFORE**, the United States of America prays that a warrant for arrest *in rem* and notice issue on the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

 /s/   RONALD C. MACHEN JR.
RONALD C. MACHEN JR.
D.C. Bar No. 447889
United States Attorney

 /s/    ZIA M. FARUQUI
ZIA M. FARUQUI, D.C. Bar No. 494990
Assistant United States Attorney
Asset Forfeiture and Money Laundering Section
ANN H. PETALAS
GEORGE P. VARGHESE
Assistant United States Attorneys
National Security Section
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 252-7117
Zia.Faruqui@usdoj.gov


JAIKUMAR RAMASWAMY, CHIEF
Asset Forfeiture and Money Laundering Section
Criminal Division, U.S. Department of Justice

     /s/ ANN MARIE BLAYLOCK BACON
ANN MARIE BLAYLOCK BACON, DC. Bar No. 967825
MATT KLECKA
Trial Attorneys
Asset Forfeiture and Money Laundering Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 598-2858
Ann.Blaylock2@usdoj.gov

Counsel for Plaintiff United States

## VERIFICATION

I, John Matala, a sworn Special Agent for the United States Internal Revenue Service, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Complaint For Forfeiture *In Rem* and all exhibits, and know the contents thereof, and that the matters contained in the Verified Complaint For Forfeiture *In Rem* and all exhibits are true to my own knowledge.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other sworn law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this _____ day of October 2012.

     /s/
John Matala
Special Agent
Internal Revenue Service